## SPARROW v. OKLAHOMA CLUB.

No. 17539. Opinion Filed March 27, 1928.

Rehearing Denied June 5, 1928.

(Syllabus.)

1. Corporations — Subscribers Entitled to Stock and Liable for Price when Legal Requisites to Granting Charter Complied with.

The moment the conditions required by

law as preliminary to the granting of the charter to the corporation were complied with, the subscribers to its stock became stockholders, entitled as such to all the rights of such, and at the same time their liability to pay the amount of their subscription became fixed and absolute.

## 2. Appeal and Error—Continuance—Discretion of Trial Court.

Where a motion for a continuance is addressed to the sound legal discretion of the trial court, its action thereon will not be disturbed on review unless it is shown that there was an abuse of such discretion.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Oklahoma Club, a corporation, against E. F. Sparrow. Judgment for plaintiff, and defendant brings error. Affirmed.

Asp, Snyder, Owen & Lybrand, for plaintiff in error.

M. S. Singleton, for defendant in error.

LESTER, J. The Oklahoma Club, a domestic corporation, secured a judgment against E. F. Sparrow, defendant, in the district court, of Oklahoma county, and defendant prosecutes this appeal to reverse said judgment.

The plaintiff in error will be referred to as defendant, and the defendant in error will be referred to as plaintiff.

The suit below was based upon the following instrument in writing:

"May 20, 1920. To Oklahoma Club: I hereby subscribe for one share of the capital stock of the Oklahoma Club, of the par value of five hundred dollars ($500) to be paid as follows: $50 in cash (for which check is enclosed) and the balance in equal monthly installments of $50 each. (Signed) E. F. Sparrow, 5 N. Robinson."

Plaintiff also sought to recover the sum of $18.34 for certain dues as a member of the Oklahoma Club.

The district court rendered a judgment in favor of the plaintiff for the sum of $450 as principal, with interest thereon at the rate of six per cent. and also the sum of $18.34 for dues.

The defendant filed an answer in which he denied all the material allegations of plaintiff's petition and also stated and alleged that at the time he subscribed to the stock of the plaintiff, the officers, promoters, and directors of said corporation represented to the defendant that it was the purpose and plan of the said corporation to erect and construct, together with some other corporation, an office or business building to be used chiefly for business purposes and that a small part of the proposed building was to be used for social or merely pleasure purposes, and that it was on this account and no other that defendant subscribed for said share of stock. That since said time and without consent of defendant, the plaintiff has proceeded to construct a large building on Grand avenue which is used principally for the mere pleasure and social purposes of the members of said club, and said corporation has wholly departed from its original purpose and plan which induced the plaintiff to sign the said subscription contract.

Section 5315, C. O. S. 1921, provides:

"A subscription to the stock of a corporation about to be formed is to be held for the benefit of the corporation when it is formed, and may be enforced by it."

The record in this case shows, in our judgment, that the defendant was not deceived as to the purpose, character, or the nature of the building to be erected by the plaintiff. The plaintiff's articles of incorporation were duly filed on the 31st day of July, 1919, in the office of the Secretary of State, and the defendant made his subscription to the stock of the corporation on the 20th day of May, 1920.

In the case of Cummings v. State ex rel. Wallower, 47 Okla. 627, 149 Pac. 864, the court said:

"The moment the conditions required by law as preliminary to the granting of the charter to the corporation were complied with, the subscribers to its stock became stockholders, entitled as such to all the rights of such, and at the same time their liability to pay the amount of their subscription became fixed and absolute. 1 Cook on Corporations (6th Ed.) sec. 192; 10 Cyc. 389; Cartwright v. Dickinson, 88 Tenn. 476, 12 S. W. 1030, 7 L. R. A. 706, 17 Am. St. Rep. 910. As between themselves and the succeeding stockholders and directors, their failure to pay for their stock, if indeed such were a fact, and to have stock certificates issued and delivered, was, in the determination of their status, of no consequence."

Defendant filed motion for continuance in said cause. This motion stated and alleged that if the defendant were present he would testify to certain statements contained. Thereupon the plaintiff admitted that if the defendant were present he would so testify. The court thereupon overruled defendant's motion for continuance and certain parts of the defendant's motion were introduced in evidence. From an examination of the issues

as constituted by the pleadings, as well as the evidence introduced thereunder by both parties to the action, we do not think the defendant was in any way prejudiced by reason of the court overruling defendant's motion for continuance.

It is a well-settled rule of this court that a motion for continuance is addressed to the sound legal discretion of the trial court, and unless there is an abuse of such discretion shown, this court will not disturb on review the action of the trial court thereon.

The judgment of the district court is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 14 C. J. p. 481, §710; p. 1007, §1556; 7 R. C. L. p. 298; 2 R .C. L. Supp. p. 347. (2) 4 C. J. p. 809, §2780; anno. 30 L. R. A. 703; L. R. A. 1918E, 527; 6 R. C. L. p. 544; 2 R. C. L. Supp. p. 153; 4 R. C. L. Supp. p. 425; 5 R. C. L. Supp. p. 354; 6 R. C..L. Supp. p. 397.